United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW C. TSIEN and JENNY E. TSIEN, | No. C 09-04790 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO HOME MORTGAGE, | |
| Defendant. | |

Defendant Wells Fargo Home Mortgage ("Wells Fargo") moves to dismiss plaintiffs' First Amended Complaint ("FAC"). This matter is currently set for hearing on June 4, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court GRANTS in part and DENIES in part Wells Fargo's motion.

**BACKGROUND**

This litigation arises from the refinance of plaintiffs' home in July 2006. Plaintiffs allege eight causes of action against Wells Fargo: (1) violation of the Truth in Lending Act ("TILA"); (2) violation of the Real Estate Settlement Procedures Act ("RESPA"); (3) violation of the Fair Debt Collection Practices Act ("FDCPA"); (4) violations of the California Business and Professions Code section 17200; (5) negligence; (6) civil conspiracy; (7) breach of the covenant of good faith and fair dealing; and (8) slander of credit.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In deciding whether the plaintiff has stated a claim, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

### 1.   Truth in Lending Act

Under the TILA, a borrower exercising a right to rescind a loan must tender the loan's unpaid principal to the lender. 15 U.S.C. § 1635(b). Defendant contends that under *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003) plaintiffs are required to demonstrate that they can tender the loan proceeds. Motion at 5. While plaintiffs allege they are "ready, willing and able to tender as required under the Truth in Lending Act," FAC at ¶ 48, defendant argues that plaintiffs' claim for rescission under TILA should be dismissed because plaintiffs have not alleged facts showing they can, in fact, tender. Motion at 5.

*Yamamoto*, however, held only that a court *may* require a borrower seeking rescission of a mortgage transaction under TILA to demonstrate the ability to tender the loan proceeds. *Yamamoto*, 329 F.3d at 1168 (holding that it is within a district court's "discretion" to reorder the statutorily set sequence of rescission events and condition rescission on tender by the borrower). A number of district courts within the Ninth Circuit have, in applying *Yamamoto*, disagreed on whether a failure to plead a present ability to tender loan proceeds requires dismissal of a TILA rescission claim. *Compare*

*Consumer Solutions Reo, LLC v. Hillery*, No. C-08-4357 EMC, 2010 U.S. Dist. LEXIS 37857 (N.D. Cal. Mar. 24, 2010) (rejecting defendant's motion to dismiss based on plaintiff's failure to allege ability to tender); *Botelho v. U.S. Bank, N.A.*, No. C-08-04316 RS, 2010 U.S. Dist. LEXIS 13127 (N.D. Cal. Feb. 16, 2010) (same); *Singh v. Washington Mut. Bank*, No. C-09-2771 EMC, 2009 U.S. Dist. LEXIS 73315, at *10-11 (N.D. Cal. Aug. 19, 2009) (same); *ING Bank v. Ahn*, No. C-09-995 TEH, 2009 U.S. Dist. LEXIS 60004, at *5 (N.D. Cal. July 13, 2009) (stating that "*Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded[;] [r]ather, all of these cases indicate that it is within the trial court's discretion to choose to dismiss where the court concludes that the party seeking rescission is incapable of performance"); *with Valdez v. America's Wholesale Lender*, No. C-09-2778 JF, 2009 U.S. Dist. LEXIS 118241 (N.D. Cal. Dec. 18, 2009) (mortgagors were required to allege either the present ability to tender the loan proceeds or the expectation that they would be able to tender within a reasonable time); *Del Valle v. Mortgage Bank of Cal.*, No. C-09-1316 OWW/DLB, 2009 U.S. Dist. LEXIS 105898 (E.D. Cal. Nov. 10, 2009) (dismissing with leave to amend and requiring plaintiffs to "plead facts from which it may be ascertained, consistent with Rule 11, Federal Rules of Civil Procedure, that they have the present ability to tender the loan payments"); *Montoya v. Countrywide Bank*, No. C-09-00641 JW, 2009 U.S. Dist. LEXIS 53920 (N.D. Cal. June 25, 2009) (dismissing complaint with leave to amend where plaintiff failed to allege an attempt to or ability to tender).

In this case plaintiffs clearly plead their readiness and ability to tender. FAC ¶ 48. There are no facts on the face of the complaint to indicate that readiness or ability does not exist. The Court, therefore, will not exercise its discretion at this time to require plaintiffs to prove that they can, in fact, tender.[1]

**2.    RESPA Claim**

Wells Fargo argues that plaintiffs have failed to allege a violation of RESPA, because the June

---

[1] The Court need not address defendant's argument, made in the Reply brief, that the Court lacks authority to modify the tender amount. Reply at 3-4. Whether or not the Court has authority to modify the amount of the tender due is not at issue on this motion.

3

15, 2009 letter sent by "Mortgage Litigation Consultants" on behalf of plaintiffs to Wells Fargo was not a "qualified written request" ("QWR") under RESPA. *See* FAC, Ex. B.[2]

RESPA provides that "if any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days." 12 U.S.C. § 2605(e)(1)(A). A "qualified written response" must include "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).

Wells Fargo argues that the June 15, 2009 letter sent by plaintiffs' representative to Wells Fargo is not a QWR because it does not "include a statement of the reasons for the belief of the borrower that the account is in error." Motion at 6. Wells Fargo, however, ignores the last clause of section 2605(e)(1)(B)(ii), which requires a response to a QWR for "other information sought by the borrower." Courts have held that the "other information" must be related to the servicing of the loan. *See, e.g.*, *Consumer Solutions Reo, LLC,* 658 F. Supp. 2d at 1014; *Williams v. Wells Fargo Bank, N.A.*, No. C-10-00399 JF, 2010 U.S. Dist. LEXIS 36247, *6-8. (N.D. Cal. Apr. 13, 2010). Here, plaintiffs' QWR sought information regarding the servicing of the loan, including the identity and contact information of the "master servicer" and "statements of all payments made on the loan." *See* FAC, Ex. B & Ex. B thereto. Plaintiffs' June 15, 2009 letter, therefore, facially complies with the requirements of 12 U.S.C. § 2605(e)(1)(B)(ii).

Defendant also argues that plaintiffs' RESPA claim must be dismissed because plaintiffs have failed to show how Wells Fargo's failure to respond to the June 15, 2009 letter damaged them. Motion at 6. Plaintiffs, however, have not only alleged that defendant's failure to respond caused them actual damage, *cf. Singh v. Wash. Mut. Bank*, 2009 U.S. Dist. LEXIS 73315 at *16 (dismissing RESPA claim with leave to amend to allege damage), but have alleged facts to support their damages claim.

---

[2] The Court notes that Exhibit B to the FAC, the alleged QWR, is missing the second page. The second page is also missing from the original complaint, filed on October 7, 2009. Nevertheless, as discussed below, the two pages which were provided establish that the letter is a QWR under RESPA.

4

Specifically, in the FAC plaintiffs allege that as a result of defendant's failure to respond to their QWR, they had to hire experts to ascertain the accountings and impact on the tender balance at a greater expense than if defendant had provided the information requested. FAC ¶ 88.

### 3. FDCPA Claim

Under California's Rosenthal FDCPA, which incorporates specific provisions of the federal FDPCA, debt collectors must cease communications with consumers if a consumer specifically requests so in writing. *See* Cal. Civ. Code § 1788.17; 15 U.S.C. § 1692c(c). Wells Fargo moves to dismiss plaintiffs' Rosenthal FDCPA claims on the theory that the June 15, 2009 letter requesting that defendant cease further communications with plaintiffs was not enforceable. Defendant argues that since the letter was not signed by plaintiffs or by an attorney, but only by David Pereira of "Mortgage Litigation Consultants," and the authorization form attached to the letter did not authorize Mortgage Litigation Consultants to act on behalf of plaintiffs for any purpose other than receiving loan documents, the June 15, 2009 "cease communications" letter is not sufficient under the FDCPA. Motion at 7-8; Reply at 5.

Defendant, however, provides no authority for the position that a California real estate broker, as Mr. Pereira is alleged to be (FAC ¶ 100), cannot act as a consumer's agent for the purposes of sending a cease communications letter to a servicer under either the Rosenthal FDCPA or the federal FDCPA. *Cf.* Cal. Bus. & Prof. Code § 10131(d) (noting real estate brokers can perform services for borrowers in connection with loans secured directly or collaterally by liens on real property). Moreover, the Court does not agree that the "Third Party Authorization/Agreement to Release/Authorization to Rescind" form signed by plaintiffs limited the authority of Mortgage Litigation Consultants to only receive documents from Wells Fargo. The authorization notified Wells Fargo that the consultants had been "retained" by plaintiffs. FAC, Ex. B & Ex. A thereto. That, in conjunction with the clear direction in the letter sent by Mr. Pereira to "cease communications," is sufficient to invoke the Rosenthal FDCPA's protections.

### 4. Unfair Business Practices Claims

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*,

5

prohibits "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Id.* (citation omitted). UCL claims, however, can challenge unfair or fraudulent practices that do not violate specific statutory provisions. *Id.* at 180 ("a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa.").

Here, plaintiffs allege that defendant's practices are illegal based on the predicate violations of TILA, RESPA and the Rosenthal FDCPA. FAC ¶¶ 119 - 21. Plaintiffs also allege that defendant's practices are unfair because Wells Fargo rarely, if ever, responds to consumer demands under TILA, RESPA and the Rosenthal FDCPA, which results in significant consumer harm and offends public policy. FAC ¶¶ 122 - 23. Finally, plaintiffs allege that these practices are fraudulent because they are likely to deceive the public, in that defendant's failure to deliver material documents and concealment of the same prevents consumers from exercising their "legal rights to which they are entitled." FAC ¶ 124.

Defendant argues that all of plaintiffs' UCL claims are without merit because plaintiffs have failed to allege any viable claim against Wells Fargo and, therefore, those claims should be dismissed. However, as discussed above, this Court has found that plaintiffs have adequately alleged violations of TILA, RESPA and the Rosenthal FDCPA.[3]

Wells Fargo's only more specific challenge is that plaintiffs' UCL claims are preempted to the extent they rely on violations of TILA. Motion at 9; Reply at 5. To support that claim, defendant cites two cases: *Nava v. Virtual Bank*, 2008 WL 2873406 (E.D. Cal. July 16, 2008) and *Reyes v. Downy Sav. & Loan Ass'n*, 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008).

In *Nava*, the district court found that UCL claims based on TILA violations alleged against a thrift and savings association were preempted under regulations passed by the Office of Thrift Supervision ("OTS") under the Home Owners' Loan Act of 1933 ("HOLA"). *Nava*, 2008 WL 2873406

---

[3] Moreover, even if the Court had found that plaintiffs' TILA, RESPA and FDCPA claims were lacking, that would preclude plaintiffs from arguing that the same practices were illegal under California's Unfair Competition Law, but would not necessarily affect the ability of plaintiffs to allege the practices were "unfair" or "fraudulent" under the UCL.

6

at *3-5. In *Reyes*, the district court likewise found that plaintiff could not assert UCL claims based on time-barred TILA violations against a thrift or savings association under HOLA. *Reyes*, 541 F.Supp.2d at 1115.

As an initial matter, defendant provides no evidence (*i.e.*, through a request for judicial notice) or argument that it is a thrift or savings association that would be governed by HOLA and protected by the OTS regulations on preemption. *Nava* and *Reyes*, therefore, are inapposite.[4]

Moreover, even if Wells Fargo is governed by HOLA and OTS preemption regulations, it is not clear that the specific claims in this case would be preempted. *See, e.g.*, *Newbeck v. Wash. Mut. Bank*, No. C 09-1599 CW, 2010 U.S. Dist. LEXIS 3830, *10-11 (N.D. Cal. Jan. 19, 2010) (holding that UCL claims based on disclosures or terms of a loan were preempted, but noting that the UCL is not preempted in its entirety); *Jordan v. Paul Fin., LLC*, No. C 07-04496 SI, 644 F. Supp. 2d 1156, 1172 (N.D. Cal. 2009) (holding that UCL claims based on time-barred TILA violations were preempted, but allowing other TILA-based UCL claims to proceed).

**5.    Negligence**

Defendant also moves to dismiss plaintiffs' claim for negligence. Under California law, the elements of an action for negligence are the existence of a duty, breach of that duty, causation between the defendant's act or omission and the plaintiff's injuries, and damages. *Merrill v. Navegar, Inc*., 26 Cal. 4th 465, 477 110 Cal. Rptr. 2d 370, 28 P.3d 116 (Cal. Ct. App. 2001). "[P]arties to a contractual relationship, such as a mortgagor and mortgagee, cannot bring a tort claim [for negligence] unless a legal duty independent of the contract itself has been violated." *Gaitan v. Mortgage Elec. Reg. Sys*., No. 09-1009, 2009 U.S. Dist. LEXIS 97117, at *8 (C.D. Cal. Oct. 5, 2009) (citing *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 102-03, 44 Cal. Rptr. 2d 420, 900 P.2d 669 (1995)).

---

[4] *Nava* and *Reyes* rely exclusively on the Ninth Circuit's decision in *Silvas v. E*TRADE Mortg. Corp*., 514 F.3d 1001 (9th Cir. Cal. 2008), as does defendant in its Reply. Reply at 5. *Silvas*, however, is likewise inapposite absent evidence that Wells Fargo is a federal thrift. *Id.*, at 1006 fn.2 ("Appellants do not contest that E*TRADE is a federal thrift subject to HOLA and the OTS regulations.").

7

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (Cal. Ct. App. 1991). This Court, in *Bojorquez v. Gutierrez*, No. C 09-03684 SI, 2010 U.S. Dist. LEXIS 28302 (N.D. Cal. Mar. 25, 2010), held that the general rule applicable to financial institutions applies to loan servicers as well. *Id.* at *20; *see also Huerta v. Ocwen Loan Servicing, Inc.*, No. 09-5822 JF, 2010 U.S. Dist. LEXIS 17970, *11 (N.D. Cal. Mar. 1, 2010) (requiring plaintiff to allege how defendants exceeded the scope of their conventional role as a loan servicers such that they assumed a fiduciary duty).

Plaintiffs argue that their negligence claim may be based on a violation of any statutory law that imposes a duty on defendants. Oppo. at 17 (citing to *Watts v. Decision One Mortg. Co.*, LLC, 2009 U.S. Dist. LEXIS 54784 (S.D. Cal. June 11, 2009)). Specifically, plaintiffs argue that 15 U.S.C. section 1641, requiring servicers to disclose information to obligors, creates the duty in this case. *Watts*, however, does not support plaintiff's position. In *Watts* the Court noted that a California law imposed a fiduciary duty on mortgage brokers for the benefit of borrowers, but no such duty is imposed on lenders. *Id.* at *10. Plaintiffs have not alleged that defendant violated any law that imposed a *fiduciary* duty on mortgage servicers, or otherwise pled facts to support an allegation that defendant assumed a duty or created a special relationship with plaintiffs.

Accordingly, plaintiffs' negligence claim is DISMISSED with leave to amend to allege facts showing defendants, by their actions, assumed a duty or created a special relationship with plaintiffs.

**6.     Civil Conspiracy**

Plaintiffs' sixth cause of action is for civil conspiracy "against all defendants." FAC at 23. However, the only party specifically mentioned in the sixth cause of action is Wells Fargo. There are no specific allegations of "conspiracy" against any other party or any facts about another party's conduct. *See, e.g.,* FAC ¶ 139 (describing the conduct of Wells Fargo that caused plaintiffs harm). A conspiracy cannot exist based on the acts of one party, and even if the Court were to imply that the other party to the conspiracy is the "Lender Doe" defendant, there are insufficient facts to identify the alleged

8

conspiracy itself. *See, e.g., Alfus v. Pyramid Technology Corp*., 745 F.Supp. 1511, 1521 (N.D.Cal.1990) ("To survive a motion to dismiss, plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement … It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards the wrongful goal by virtue of a mutual understanding or agreement.").[5]

Accordingly, plaintiffs' civil conspiracy claim is DISMISSED with leave to amend to allege sufficient facts regarding the conspiracy, including the identity of the party or parties who allegedly conspired with Wells Fargo.

### 7. Breach of the Covenant of Good Faith and Fair Dealing

California law implies a covenant of good faith and fair dealing in every contract. *See Seaman's Direct Buying Serv., Inc. v. Standard Oil Co.*, 36 Cal. 3d 752, 768 (1984) (overruled on other grounds). "The implied covenant imposes certain obligations on contracting parties as a matter of law – specifically, that they will discharge their contractual obligations fairly and in good faith." *Mundy v. Household Fin. Corp*., 885 F.2d 542, 544 (9th Cir. 1989) (applying California law); *see also Guz v. Bechtel Nat. Inc*., 24 Cal. 4th 317, 349 (2000) ("The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.") (emphasis omitted).

Here, plaintiffs fail to allege how they have not received the benefits of the agreement actually made. Plaintiffs do not dispute that they received $536,00 from Wells Fargo, or point to any benefit conferred by the adjustable rate note or deed of trust that has not been received.

Instead, plaintiffs allege that Wells Fargo "entered into written agreements" with plaintiffs and by denying plaintiffs a proper notice of their right to cancel required by TILA, violated their duty of good faith and fair dealing implied in those written agreements. FAC ¶¶ 143 - 161. The California

---

[5] Defendant argues that the civil conspiracy claim must be dismissed because it is not a stand alone cause of action, but depends on another viable claim which plaintiffs have failed to establish. Motion at 10. Conspiracy is not an independent tort; "[a] complaint for civil conspiracy states a cause of action only when it alleges the commission of a civil wrong that causes damage." *Okun v. Superior Court*, 29 Cal. 3d 442, 454, 175 Cal. Rptr. 157, 629 P.2d 1369 (1981). Here, as noted above, the Court has found that plaintiffs have adequately alleged other viable causes of action.

Courts of Appeal addressed a similar argument in *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38, 49 (Cal. App. 1990). In that case, appellants argued that "the implied covenant can exist based on certain statutory duties imposed on [the appellee]. They offer[ed] no authority for such a proposition and [the court] [has] found none. To the contrary, the covenant of good faith and fair dealing is, by definition, an implied contract term. It has no relation to any statutory duties which may exist." *Id.*

Accordingly, plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is DISMISSED with leave to amend.

### 8. Slander [Libel] of Credit

Defendant moves to dismiss plaintiffs' final cause of action based on defamation of their credit arguing that the federal Fair Credit Reporting Act preempts state law defamation claims arising from inaccurate reports to credit agencies, unless plaintiff can plead facts showing malice. Motion at 11 (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166-1169 (9th Cir. 2009) (noting, in *dicta*, that defamation claims asserted against furnishers of credit information may be preempted, unless a showing of malice or intent to injure is made).

The Court notes that district courts have taken various approaches in addressing these types of claims on a motion to dismiss. *See, e.g., Chavez v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 44369, 46-47 (E.D. Cal. May 5, 2010) (denying motion to dismiss based on preemption as "the law concerning preemption by the FCRA of Plaintiffs' defamation claim is too unsettled to resolve at this stage of the proceedings"); *Eng v. Bank of Am. Home Loans*, No. C 09-3657 PJH, 2010 U.S. Dist. LEXIS 30440 (N.D. Cal. Mar. 30, 2010) (finding allegations of slander of credit based on credit reports to be preempted by FCRA).

Here, plaintiffs fail to allege *any* facts to support a defamation claim. While, in their Opposition brief, plaintiffs argue (without citation to authority) that a TILA rescission claim "would render any contract and debt void and the application of the Fair Credit Reporting Act would not be applicable," and likewise cite to RESPA's prohibition against credit reporting while a QWR is pending, plaintiffs' complaint is devoid of any factual allegations that defendant furnished incorrect credit information to

10

credit reporting agencies during these times (*i.e.*, after notice of rescission or during the 60 day QWR period). *Compare* Reply at 21 *with* FAC ¶¶ 165-67. Plaintiffs' failure to identify what false statements were sent, when they were sent, or to whom they were sent undermines their claim. *Cf.*, *Khon Som v. JPMorgan Chase Bank, N.A.*, No. C-09-CV-02405 JAM/DAD, 2010 U.S. Dist. LEXIS 31097 (E.D. Cal. Mar. 30, 2010) (dismissing claim with leave for failure to allege facts identifying what the allegedly damaging or false statements were, the parties to whom the statements were made, what damage to plaintiff's credit directly resulted from defendant's statements, and whether defendants acted with actual malice). In absence of these facts, the Court need not reach whether under *Gorman*, plaintiffs would also be required to allege facts showing malice or intent to injure.

Accordingly, plaintiffs' claim for slander [libel] of credit is DISMISSED with leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS in part and DENIES in part defendant's motion to dismiss. **Any amended complaint must be filed no later than June 21, 2010. The Case Management Conference scheduled for June 4, 2010 is continued until August 13, 2010 at 2:30 p.m.**

**IT IS SO ORDERED.**

Dated: May 28, 2010

SUSAN ILLSTON
United States District Judge